# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **KRISTEN PIERSON,** *Plaintiff* § § § | |
| **v.** § § | Case No. A-19-CV-00435-LY |
| **DOSTUFF MEDIA, LLC,** *Defendant* § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE**

Before this Court are Defendant's Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss, filed June 27, 2019 (Dkt. No. 8), and Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, filed July 19, 2019. Defendant did not file a Reply. On September 16, 2019, the District Court referred the above motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72 and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I.    BACKGROUND

Plaintiff Kristen Pierson ("Plaintiff") is a professional photographer in the business of licensing her photographs to online and print media for a fee. In 2011, Plaintiff took photographs of the musical tribute band Lotus Land (the "Photographs")[1] "for the purpose of showing musicians in performance." Dkt. No. 1-1 at ¶ 14. Plaintiff registered the Photographs with the United States

---

[1] The Photographs are attached to Plaintiff's Amended Complaint. *See* Exh. A to Dkt. No. 1.

Copyright Office and was given Copyright Registration Number VA 1-849-561. After receiving the copyright registration, Plaintiff licensed the Photographs to the members of Lotus Land.

Defendant DoStuff Media, LLC ("Defendant") is a Texas-based "commercial publisher in the media business" and owns and operates the website www.DoNYC.com (the "Website"). Dkt. No. 11 at p. 2. Plaintiff alleges that Defendant republished the Photographs on its Website[2] in connection with promoting one of Lotus Land's concerts without her permission and without paying the licensing fee for use of the images. Plaintiff alleges that "Defendant used the Photographs for the same purpose for which they were created, namely to show Lotus Land band members in performance." Dkt. No. 6 at ¶ 17.

On June 13, 2019, Plaintiff filed her Amended Complaint against Defendant alleging copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106, 501. Plaintiff seeks statutory damages up to $150,000 per work for Defendant's willful infringement of the Photographs, as well as attorney's fees and costs.

On June 27, 2019, Defendant filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's copyright claims fail because Defendant's use of the Photographs constitutes "fair use" under 17 U.S.C. § 107. Dkt. No. 8 at p. 2. Plaintiff disagrees and argues that the fair use affirmative defense is not applicable in this case.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205

---

[2] The allegedly infringing images from Defendant's website are also attached to Plaintiff's Amended Complaint. *See* Exh. B to Dkt. No. 6.

(5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "Although dismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019) (quoting *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017)).

## III. ANALYSIS

To establish a claim for copyright infringement, Plaintiff must prove that: (1) she owns a valid copyright, and (2) Defendant copied constituent elements of Plaintiff's work that are original. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004). Defendant does not dispute that Plaintiff has alleged a prima facie claim of copyright infringement. Rather, Defendant argues that Plaintiff's copyright claim fails based on the affirmative defense of fair use under 17 U.S.C. § 107.

In response, Plaintiff argues that it is not appropriate to rule on the affirmative defense of fair use at the motion to dismiss stage. Plaintiff also argues that Defendant's fair use affirmative defense fails as matter of law.

While dismissal under Rule 12(b)(6) may be appropriate based on a successful affirmative defense, as stated above, "that defense must appear on the face of the complaint." *Ironshore Europe*, 912 F.3d at 763. The affirmative defense of fair use does not appear on the face of Plaintiff's Amended Complaint. Plaintiff has alleged sufficiently facts at this stage of the case to overcome Defendant's fair use defense in the instant Motion to Dismiss.

**A. The Law of Fair Use**

The Copyright Act grants the copyright holder "exclusive" rights to use and to authorize the use of her work, including the right "to publish, copy, and distribute the author's work." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547 (1985) (quoting 17 U.S.C. § 106). "All reproductions of the work, however, are not within the exclusive domain of the copyright owner; some are in the public domain." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984). Thus, "[a]ny individual may reproduce a copyrighted work for a 'fair use.'" *Id.* "From the infancy of copyright protection," the fair use doctrine "has been thought necessary to fulfill copyright's very purpose, '[t]o promote the Progress of Science and useful Arts.'" *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 575 (1994) (quoting U.S. Const., art. I, § 8, cl. 8). The fair use affirmative defense allows others "to build freely upon the ideas and information conveyed by a work." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Section 107 of the Copyright Act provides that "the fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107.

Fair use is an affirmative defense "that can excuse what would otherwise be an infringing use of copyrighted material." *Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1238 (11th Cir. 2014).

In determining whether use of a work constitutes fair use, courts consider the following factors:

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use on the potential market for or value of the copyrighted work.

17 U.S.C. § 107. These factors are non-exclusive, *Harper & Row*, 471 U.S. at 560, and are to be "weighed together, in light of the purposes of copyright," *Campbell*, 510 U.S. at 578. Some courts have described "the ultimate test of fair use" as "whether the copyright law's goal of promoting the Progress of Science and useful Arts would be better served by allowing the use than by preventing it." *Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 608 (2d Cir. 2006) (citation and internal quotation marks omitted). However, "[t]he fair-use privilege under § 107 is not designed to protect lazy appropriators." *Kienitz v. Sconnie Nation LLC*, 766 F.3d 756, 759 (7th Cir. 2014).

Fair use is a mixed question of law and fact and requires a case-by-case determination as to whether a particular use of a copyrighted work is a fair use. *Campbell,* at 577. The burden of proof is on the defendant to establish the fair use affirmative defense. *Id*.

## B. Application of the Fair Use Factors

### 1. The purpose and character of the use

Under the first fair use factor, courts look to (1) whether the work is used for commercial or noncommercial purposes, and (2) whether the work is transformative. *Id.* at 579, 584.

In this case, Defendant does not dispute that it used the Photographs for commercial purposes. Defendant ran the Photographs on its commercial Website to promote an upcoming Lotus Land

concert. The use of the Photographs was not for criticism, comment, or news reporting. *Id.* at 578. "The crux of the profit/nonprofit distinction is not whether the sole motive of the use is monetary gain but whether the user stands to profit from exploitation of the copyrighted material without paying the customary price." *Harper & Row*, 471 U.S. at 562. Thus, Defendant's use of the Photographs was for commercial use, and such a finding weighs against a finding of fair use. *See id.* ("The fact that a publication was commercial as opposed to nonprofit is a separate factor that tends to weigh against a finding of fair use."); *Compaq Comput. Corp. v. Ergonome, Inc.*, 387 F.3d 403, 409 (5th Cir. 2004) ("commerciality generally weighs against finding fair use").

In addition, Plaintiff has alleged sufficient facts in her Amended Complaint to support a finding that Defendant's use of the Photographs was not transformative. The Supreme Court has explained that the central purpose of this inquiry is to determine "whether the new work merely 'supersede[s] the objects' of the original creation, or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message; it asks, in other words, whether and to what extent the new work is 'transformative.'" *Campbell*, 510 U.S. at 579 (internal quotations omitted). Because the goal of copyright, to promote science and the arts, is generally furthered by the creation of transformative works, "the more transformative the new work, the less will be the significance of other factors, like commercialism, that may weigh against a finding of fair use." *Id.*

Defendant argues that the use of the Photographs on its Website was transformative because the original intent of the images was to present documentation of the band during musical performance, whereas Defendant's purpose was to "inform the public about an upcoming music event." Dkt. No. 8 at p. 5. This is a distinction without a difference. It is undisputed that Defendant ran the Photographs on its Website to promote an upcoming Lotus Band concert. Thus, Plaintiff

alleges, Defendant used the photos for the exact same purpose as they were created, namely, to show the Lotus Land band members performing their music. *Balsley v. LFP, Inc.*, 691 F.3d 747, 759 (6th Cir. 2012) (finding that where the use of the copyrighted work is the same as the original use, the new work is not transformative); *Barcroft Media, Ltd. v. Coed Media Grp., LLC*, 297 F. Supp. 3d 339, 353 (S.D.N.Y. 2017) (finding that media group's use of photographs to serve as banner images and thumbnails for celebrity news stories had no transformative effect because it displayed the images in the same manner and purpose as they were originally intended to be used and merely used the images to depict subjects described in the articles).

Plaintiff alleges, moreover, that Defendant did not materially alter the Photographs but instead merely republished them on its Website. *See* Exh. B to Dkt. No. 6. "A use of copyrighted material that merely repackages or republishes the original is unlikely to be deemed a fair use and a change of format, though useful is not transformative." *Associated Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (internal quotations omitted); *see also Balsley*, 691 F.3d at 759 (noting that where an original work is merely retransmitted in a different medium, the new work is not transformative). While Defendant superimposed the band's name onto one of the images and cropped the images to give them the same dimensions, Defendant did not make any aesthetic alterations to the Photographs. Exh. B to Dkt. No. 6 at p. 2-3.

Defendant also did not provide any commentary or critique directed at the merits of the Photographs, nor engage in any news reporting about any controversy surrounding the Photographs themselves. Defendant did nothing more than display the Photographs to show the musicians they depict. Accordingly, Defendant did not alter the original Photographs with "new expression, meaning or message." *Campbell*, 510 U.S. at 579; *see also Brammer v. Violent Hues Prods., LLC*, 922 F.3d 255, 263 (4th Cir. 2019) (finding that film festival website operator's

7

copying of copyright protected photograph of neighborhood was not transformative where operator merely cropped the photograph without adding any comment or engaging with it in a way that might stimulate new insights); *Balsley*, 691 F.3d at 759 (finding that adult magazine's use of copyrighted photograph of television news reporter was not transformative where photograph, which originally appeared on a web site, was unaltered except for minor cropping and was merely reprinted in a different medium). Therefore, Plaintiff has alleged sufficient facts to show that the first factor weighs against a finding of fair use.

2. **The nature of the copyrighted work**

The second factor for a fair use analysis considers the nature of the copyrighted work, and "calls for recognition that some works are closer to the core of intended copyright protection than others, with the consequence that fair use is more difficult to establish when the former works are copied." *Campbell*, 510 U.S. at 586. A court is more likely to find fair use when the copied work is factual as opposed to fictional and creative. *Harper & Row*, 471 U.S. at 563. In addition, courts look to whether or not a work has been published, and the fact of publication favors a finding of fair use. *Harper & Row*, 471 U.S. at 564.

Photographs "are generally viewed as creative, aesthetic expressions of a scene or image and have long been the subject of copyright." *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1177 (9th Cir. 2012). Although the Photographs in this case do not appear to be highly artistic in nature, the Court finds that Plaintiff has alleged facts sufficient to show that the Photographs are creative works entitled to protection. *See id.* ("Simply because a photo documents an event does not turn a pictorial representation into a factual recitation of the nature referenced in *Harper & Row*."); *Baraban v. Time Warner, Inc.*, 2000 WL 358375, at *4 (S.D.N.Y. Apr. 6, 2000) ("Although photographs are often 'factual or informational in nature,' the art of photography has generally been deemed sufficiently creative to make the second fair use factor weigh in favor of

8

photographer-plaintiffs."). The fact that the Photographs have been published does not tip the scale in favor of fair use here. *See Estate of Barre v. Carter*, 272 F. Supp. 3d 906, 935 (E.D. La. 2017) (determining that a finding that a work is "creative and published" ultimately weighs against a fair use determination of this factor). Accordingly, this factor also weighs against fair use.

### 3. Amount and substantiality

The third factor under the fair use analysis asks whether "the amount and substantiality of the portion used in relation to the copyrighted work as a whole are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586 (internal citations and quotations omitted). This factor favors copyright holders where the portion used by the alleged infringer is a significant percentage of the copyrighted work, or where the portion used is "essentially the heart of" the copyrighted work. *Harper & Row*, 471 U.S. at 565 (internal quotation marks omitted). Courts also have considered "whether the quantity of the material used was reasonable in relation to the purpose of the copying." *Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 926 (2d Cir. 1994) (internal quotation marks omitted).

Plaintiff alleges that Defendant used a significant percentage of the Photographs, merely cropping out the negative space, and also has used "the heart" of the copyrighted material. Accordingly, Plaintiff has alleged sufficient facts to show that this third factor weighs against a finding of fair use. The court rejects Defendant's argument that the use of the Photographs was de minimis. *See Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 208 (3d Cir. 2002) ("A de minimis defense does not apply where the *qualitative* value of the copying is material.").

### 4. The effect on the potential market

Finally, the fourth factor looks to "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(4). "Fair use, when properly applied, is limited to

copying by others which does not materially impair the marketability of the work which is copied." *Harper & Row*, 471 U.S. at 566-67. The fourth factor "requires courts to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also whether unrestricted and widespread conduct of the sort engaged in by the defendant . . . would result in a substantially adverse impact on the potential market for the original." *Campbell*, 510 U.S. at 590 (internal citations and quotations omitted). Thus, the inquiry "must take account not only of harm to the original but also of harm to the market for derivative works." *Id.*

Plaintiff alleges that Defendant's secondary use impairs the actual market for Plaintiff's work because Defendant's unauthorized republication of the Photographs made it unlikely that they would be purchased from Plaintiff and therefore diminished the licensing value of the copyright. Plaintiff alleges that Defendant's use clearly supplanted the market in which Plaintiff had a reasonable expectation to earn licensing revenue. In addition, Plaintiff alleges that Defendant's secondary use also impairs the potential market for Plaintiff's Photographs because "unrestricted and widespread conduct of the sort engaged in by the defendant . . . would result in the substantially adverse impact on the potential market for [licensing of] the original." *Campbell*, 510 U.S. at 590 (internal quotation omitted). Plaintiff alleges that because Defendant engaged in wholesale copying of the Photographs, any authorized commercial market for her original work was severely diminished. The Court finds that Plaintiff has alleged sufficient facts to show that the fourth factor also weighs against a finding of fair use.

## C. Conclusion

Based on the foregoing, the Court finds that Plaintiff has plausibly alleged a claim for copyright infringement against Defendant. The Court further finds that Plaintiff has alleged facts sufficient to overcome the Defendant's fair use defense. Weighing all the factors discussed above, the Court concludes that "the goal of copyright, to promote science and the arts," would not be better served

by allowing Defendant's use of Plaintiff's copyrighted material without authorization or compensation. *Id.* at 579. Accordingly, Defendant's Motion to Dismiss should be denied.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Defendant DoStuff Media, LLC's Motion to Dismiss (Dkt. No. 8).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 29, 2019.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE