# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **KRISTEN PIERSON,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. 1:19-cv-00435-LY** |
| | § | |
| **DOSTUFF MEDIA, LLC,** | § | |
| *Defendant.* | § | |

## DEFENDANT'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW DoStuff Media, LLC, Defendant in the above-styled cause, and files this Response to Plaintiff's Motion for Partial Summary Judgment, and in support would respectfully show the following:

### I.   REQUESTED RELIEF

Defendant DoStuff Media, LLC ("DoStuff") requests this Court deny Plaintiff Kristen Pierson's Motion for Partial Summary Judgment because there are issues of material fact to be decided in this matter, specifically those pertaining to DoStuff's affirmative defense of fair use.

### II.   FACTS AND RELEVANT PROCEDURAL HISTORY

On June 13, 2019, Plaintiff filed her *Amended Complaint* in this suit, alleging damages against DoStuff under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*. Substantively, Plaintiff alleged that DoStuff infringed Plaintiff's copyright in the Photographs the subject of this suit, in a willful, intentional, and purposeful manner, in disregard of and indifference to Plaintiff's rights.

In response, DoStuff pleaded the affirmative defense of fair use under 17 U.S.C. § 106.

## LEGAL STANDARD

### A.    Legal Standard for Summary Judgment.

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute regarding material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the moving party meets its initial burden, the burden then shifts to the non-moving party to set forth "specific facts showing that there is a genuine issue for trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing Fed. R. Civ. P. 56(e)). The Court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor. *Rosado v. Deters*, 5 F.3d 119, 122-23 (5th Cir. 1993). The Court may not make credibility determinations or weigh evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 520 U.S. 133, 150 (2000).

### B.  Legal Standard for Fair Use.

Section 107 of the Copyright Act permits the unauthorized use or reproduction of copyrighted work if it is "for purposes such as criticism, comment, news reporting, teaching… scholarship, or research." 17 U.S.C. § 107. Fair use is a mixed question of law and fact and requires a case-by-case determination on whether a particular use of a copyrighted work is fair. *Campbell v. Acuff-*

*Rose Music, Inc.*, 510 U.S. 569, 577 (1994); *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547 (1985).

Making the determination as to fair use requires consideration of four separate factors: (1) the purpose and character of the work; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and, (4) the effect on the potential market for or value of the copyright work. 17 U.S.C. § 107. The factors are non-exclusive. *Harper & Row*, 471 U.S. at 560, and are to be "weighed together, in light of the purposes of copyright." *Campbell*, 510 U.S. at 578.

## III.    ARGUMENT

The court should deny Plaintiff's Motion for Partial Summary Judgment to find liability because there are significant issues of fact in this matter as they pertain to DoStuff's fair use defense.

Plaintiff's sole argument that there is no issue of material fact in this cause is predicated entirely on the Court's denial of DoStuff's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) early in this matter. That argument is deficient on its face and misrepresents the Magistrate's recommendation on which the Court relied in denying the motion.

As Magistrate Hightower points out, in analyzing a 12(b)(6) Motion, "the court 'accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]'" Dkt. No. 13 at pp. 2-3, quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The Magistrate's report is not a ruling on the merits of the allegations, as it must presume all issues of fact in favor of nonmovant. Thus, the denial of DoStuff's 12(b)(6) Motion is not a ruling on the merits of DoStuff's affirmative defense, but merely a ruling that Plaintiff cleared the low bar of having pleaded sufficient facts to allow her case to proceed.

DoStuff has alleged multiple facts in favor of its claim of fair use, including but not limited to: the content was presented primarily for news and/or informational value; the purpose and character of the work as presented was non-commercial or included only a nominally commercial component; significantly less than the whole of the copyrighted works included in the allegedly infringing image; the portion and substantiality of the copyrighted works as used in context would not generally be recognizable as the copyrighted work; and that there is no actual or potential market for Plaintiff's copyrighted works. Dkt. No. 27 at pp. 3-4. These are inherently fact issues that, for purposes of ruling on Plaintiff's Motion for Partial Summary Judgment, must be viewed in the light most favorable to DoStuff.

This Court has ruled as recently as last year that most, if not all of the issues presented by DoStuff are inherently factual ones, to be decided by a jury. *Stross v. Stone Textile, LLC*, No. 1:18-CV-454-RP, 2019 WL 4060888 at *4-7 (W.D. Tex. June 27, 2019) (denying motion for summary judgment where multiple fair use factors were alleged). Accordingly, the Court should deny Plaintiff's Motion for Partial Summary Judgment on the issues of liability.

## IV.   CONCLUSION

For the foregoing reasons, DoStuff respectfully requests that this Court deny Plaintiff's Motion for Partial Summary Judgment.

DATED:  October 2, 2020          **Andy Brown & Associates, PLLC**


By:  */s/ Andrew Brown*
Andrew S. Brown
Bar No. 24036268
abrown@bbatx.com
Jonathan W. Charnitski
Bar No. 24065034
jcharnitski@bbatx.com
P.O. Box 6061
Austin, Texas 78762
T  (512) 524-1595
F  (512) 681-7033

ATTORNEYS FOR DEFENDANT


### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys of record for all parties to the above cause using the CM/ECF filings system on the 2nd day of October, 2020.

*s/ Andrew Brown*
Andrew S. Brown