UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

KRISTEN PIERSON,

                        Plaintiff,

  - against –

DOSTUFF MEDIA, LLC,

                        Defendant.

Case No.: 1:19-CV-00435-LY

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FORPARTIAL SUMMARY JUDGMENT ON LIABILITY AGAINST DEFENDANT FOR COPYRIGHT INFRINGEMENT

Plaintiff Kristen Pierson ("Plaintiff" or "Pierson"), via counsel, respectfully submits this reply memorandum of law in further support of her motion for partial summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure in Plaintiff's favor on the issue of liability for copyright infringement (Count I of the Complaint) against Defendant DoStuff Media LLC ("Defendant" or "DoStuff Media") and for the summary dismissal as a matter of law of Defendant's affirmative defense of fair use under 17 U.S.C. §107; and for such further relief as this Court deems just and proper.

### LEGAL STANDARD

On summary judgment, a dispute about a material fact is "genuine" if the evidence presented, viewed in the light most favorable to the nonmoving party, would permit a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, such evidence, whether it is offered by the movant to satisfy their initial burden or by the nonmovant to defeat a properly supported motion

1

for summary judgment, may not consist entirely of "conclusory allegations" or "unsubstantiated assertions." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Likewise, such evidence must be "capable of being 'presented in a form that would be admissible in evidence.' " *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original).

"Fair use is a mixed question of law and fact, which means that it may be resolved on summary judgment if a reasonable trier of fact could reach only one conclusion—but not otherwise." *Ty, Inc. v. Publ'ns Int'l Ltd.*, 292 F.3d 512, 516–17 (7th Cir. 2002) (internal quotation marks and citations omitted) (citing *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985); *Narell v. Freeman*, 872 F.2d 907, 910 (9th Cir.1989); *Ass'n of Am. Med. Colls. v. Cuomo*, 928 F.2d 519, 524 (2d Cir.1991)).

"However, where the district court has facts sufficient to evaluate each of the statutory factors, it may conclude as a matter of law that the challenged use is not a protected fair use." *Castle Rock Entm't v. Carol Publ'g. Grp., Inc.*, 955 F.Supp. 260, 267 (S.D.N.Y. 1997) (Sotomayor, J.), *aff'd Castle Rock Entm't, Inc. v. Carol Publ'g.Grp., Inc.*, 150 F.3d 132 (2d Cir. 1998).

"This is particularly true where there is no genuine dispute with respect to the facts necessary to evaluate each factor." *Peteski Prods., Inc. v. Rothman*, 264 F. Supp. 3d 731, 734–35 (E.D. Tex. 2017) (citing *Fisher v. Dees*, 794 F.2d 432, 436 (9th Cir. 1986) ("The parties dispute only the ultimate conclusions to be drawn from the admitted facts. Because, under *Harper & Row*, these judgments are legal in nature, we can make them without usurping the function of the jury.").

**ARGUMENT**

Defendant's opposition to Plaintiff's motion for partial summary judgment does not challenge the validity of Plaintiff's copyright; nor challenge the fact that the Photographs were copied without Plaintiff's authorization.  Accordingly, there is no triable issue of fact concerning the two elements of Plaintiff's copyright infringement claim.  *See United States v. Shoup*, No. 3:14-CV-4440-N-BK, 2017 WL 4535285, at *3 (N.D. Tex. Sept. 8, 2017), *report and recommendation adopted*, No. 3:14-CV-4440-N-BK, 2017 WL 4516453 (N.D. Tex. Oct. 10, 2017) ("the failure to respond to an argument raised in a motion for summary judgment . . . effectively waive[s] the nonmoving party's opportunity to offer evidence or legal argument in opposition to summary judgment.") (*citing see Ervin v. Sprint Commc'ns Co. L.P.*, 364 Fed.Appx. 114, 117 (5th Cir. 2010) (per curiam)).

With respect to Defendant's sole affirmative defense of fair use, Defendant avers that issues of material fact should be resolved at trial.  Specifically, Defendant argues that factual disputes remain regarding: (a) whether the content was presented primarily for news and/or informational value; (b) whether the secondary use was commercial or not-for-profit; (c) whether "significantly less than the whole of the copyrighted works" were included in the allegedly infringing use; (d) whether the portion and substantiality of the copyrighted works as used in context would be recognizable as the Plaintiff's work; and (e) whether an actual or potential market for Plaintiff's copyrighted works. Defendant does not cite any record evidence to support these assertions.

The Court may resolve all of these issues as a matter of law because "there is no genuine dispute with respect to the facts necessary to evaluate each factor." *Peteski Prods. v. Rothman*, 264 F. Supp. 3d at 734–35.

First, there is no dispute that the Photographs were distributed by Defendant to promote a performance by the Lotus Land band.  There is no issue of fact concerning whether such use qualifies as "news" or "information," as the Court may determine as a matter of law that even if the Photographs were newsworthy, the secondary use was not transformative.  *Otto v. Hearst Commc'ns, Inc.,* 345 F. Supp. 3d 412, 425 (S.D.N.Y. 2018) (resolving fair use defense on summary judgment in photographer's favor in case involving newsworthy photograph of President Trump); *Cruz v. Cox Media Grp., LLC*, 444 F. Supp. 3d 457 (E.D.N.Y. 2020) (resolving fair use defense on summary judgment in photographer's favor in case involving newsworthy photograph of suspected terrorist). Indeed, as per the Supreme Court, "[t]he promise of copyright would be an empty one if it could be avoided merely by dubbing the infringement a fair use 'news report' of the [work]." *Harper & Row v. Nation Enterprises*, 471 U.S. 539, 557 (1985)

Second, there is no dispute that the secondary use was commercial in nature, given that Defendant used the Photographs to promote a band performance at an entertainment venue, which necessarily involved the sale of goods and services. *See* Pierson Decl. Ex. C. *Richard Feiner & Co., Inc. v. H.R. Industries, Inc.*, 10 F.Supp.2d 310, 314 (S.D.N.Y. 1998) (finding that commercial advertisements appearing alongside the unauthorized use of photographs demonstrated a defendant's commercial purpose).

Third, the substantiality of use (in terms of quantitative or qualitative value) can be resolved by the Court by viewing the evidence of the infringement. *See* Pierson Decl. Ex. C. There is no dispute of fact because the use speaks for itself: Defendant has used the "heart of the images. *See Monge v. Maya Magazines, Inc.,* 688 F.3d 1164 (9th Cir. 2012)  ("the minimal

4

cropping of each picture demonstrates that the 'heart' of each individual copyrighted picture was published").

Fourth, the Court can conclude as a matter of law that an actual or potential market exists for the Photographs, as evidenced by the fact that Defendant used the Photographs of the band to promote the band's live musical performance. *Otto*, 345 F. Supp. at 432–33 ("Publishing the Photograph without permission essentially destroys the primary market for its use").  If fair use applied here, then it would eradicate the market for photographs of musical bands used to promote live shows.  No concert promoter or nightclub would ever obtain the photographers' permission, thereby eradicating the market.

## CONCLUSION

For the foregoing reasons, Plaintiff Kristen Pierson respectfully submits that her motion for partial summary judgment on liability against Defendant DoStuff Media LLC for copyright infringement should be GRANTED.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

by: **s/richardliebowitz/**
Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
RL@LiebowitzLawFirm.com

*Counsel for Plaintiff Kristen Pierson*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing reply brief was served on all counsel of record via CM/ECF on October 9, 2020.

by: **s/richardliebowitz/**