UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KRISTEN PIERSON, § § § § § § § § § § § | No. 1:19–CV–435–DAE |
| Plaintiff, | |
| vs. | |
| DOSTUFF MEDIA, LLC, | |
| Defendant. | |

ORDER GRANTING IN PART MOTION FOR
PARTIAL SUMMARY JUDGMENT

Before the Court is a Motion for Partial Summary Judgment filed by Kristen Pierson ("Plaintiff") on September 18, 2020. (Dkt. # 22.) DoStuff Media, LLC ("Defendant") filed a response on October 2, 2020. (Dkt. # 28.) Plaintiff replied on October 9, 2020. (Dkt. # 29.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the memoranda filed in support of and against the motion, the Court **GRANTS IN PART** Plaintiff's motion (Dkt. # 22) for the following reasons.

1

## BACKGROUND

This case concerns the alleged copyright infringement of Plaintiff's photographs. Plaintiff is a professional photographer in the business of licensing her photographs to online and print media for a fee. (Dkt. # 6.) In 2011, Plaintiff took photographs of the musical tribute band Lotus Land. (Id.) The photographs were registered with the United States Copyright Office under Copyright Registration Number VA 1-849-561. (Dkt. # 22-7.)

Defendant, a Texas-based commercial entity, owns and operates the website www.DoNYC.com. (Dkt. # 6.) Plaintiff alleges that Defendant posted the two photographs in full color on their website without licensing them from Plaintiff or getting her permission to publish them. (Id.) According to Plaintiff, Defendant posted the photographs to show the band members performing, not to provide any commentary or critique directed at the merits of the photographs or to engage in news reporting about a controversy surrounding the photographs. (Id.)

Plaintiff filed this lawsuit on April 21, 2019. (See Dkt. # 1.) She filed an amended complaint on June 13, 2019, alleging that Defendant infringed Plaintiff's copyright by posting her photographs on its website without authorization. (Dkt. # 6.) On June 27, 2019, Defendant filed a motion to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) based on its fair use affirmative defense. (Dkt. # 8.) The motion was referred to U.S. Magistrate Judge Hightower, who

recommended that the motion be denied (see Dkts. ## 12, 13), and U.S. District Judge Lee Yeakel adopted the Report and Recommendation and denied Defendant's motion to dismiss (Dkt. # 14). The matter before the Court is Plaintiff's Motion for Partial Summary Judgment. (Dkt. # 22.) Plaintiff seeks summary judgment on the issue of liability for copyright infringement and on Defendant's affirmative defense of fair use. (Dkt. # 22-1.)

## LEGAL STANDARD

"Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Griggs v. Brewer, 841 F.3d 308, 311–12 (5th Cir. 2016); see also Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Johnson v. World All. Fin. Corp., 830 F.3d 192, 195 (5th Cir. 2016) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." E.E.O.C. v. LHC Grp., Inc., 773 F.3d 688, 694 (5th Cir. 2014) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). While the movant must demonstrate the absence of a genuine dispute of material fact, it does not need to negate the elements

of the nonmovant's case.  Little v. Liquid Air Corp., 37 F.3d 1069, 1076 n.16 (5th Cir. 1994).  A fact is material if it "might affect the outcome of the suit."  Thomas v. Tregre, 913 F.3d 458, 462 (5th Cir. 2019) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings."  Duffie v. United States, 600 F.3d 362, 371 (5th Cir. 2010).  The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim.  Infante v. Law Off. of Joseph Onwuteaka, P.C., 735 F. App'x 839, 843 (5th Cir. 2018).  "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"  Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005) (quoting Little, 37 F.3d at 1075).  In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party.  Wease v. Ocwen Loan Servicing, L.L.C., 915 F.3d 987, 992 (5th Cir. 2019).

Additionally, at the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form.  See Fed. R. Civ. P. 56(c); Lee v. Offshore Logistical & Transp., L.L.C., 859 F.3d 353, 355 (5th Cir. 2017).  However, "[u]nsubstantiated assertions, improbable inferences, and

unsupported speculation are not sufficient to defeat a motion for summary judgment." United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

DISCUSSION

I. Copyright Infringement

Plaintiff contends that she is entitled to summary judgment with respect to her copyright infringement claim because her certificate of copyright registration is evidence of copyright ownership and Defendant copied the photographs by posting them on its website without Plaintiff's authorization. (Dkt. # 22-1.) Defendant does not address Plaintiff's arguments concerning her copyright infringement claim in its response.[1] (Dkt. # 28.)

To establish copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).

---

[1] Defendant's response only addresses its fair use defense. (See Dkt. # 28.)

5

A.  Ownership

Certificates of registration "constitute prima facie evidence of the validity of the copyright[s]." 17 U.S.C. § 410(c); Norma Ribbon & Trimming, Inc. v. Little, 51 F.3d 45, 47 (5th Cir. 1995). However, "certificates create only a rebuttable presumption that the copyrights are valid." Norma Ribbon, 51 F.3d at 47.

Plaintiff has a certificate of copyright registration for the photographs from the U.S. Copyright Office. (Dkt. # 22-7.) Because Defendant does not rebut this prima facie evidence of copyright ownership,[2] the Court finds that there is no genuine dispute of material fact that Plaintiff owns the copyright at issue.

B.  Copying

When determining whether copying has occurred, the Court must make two separate inquiries. See Bridgmon v. Array Sys. Corp., 325 F.3d 572, 576 (5th Cir. 2003). First, the Court must evaluate whether the alleged infringer copied, or "actually used the copyrighted material in his own work." Id. (quoting Eng'g Dynamics, Inc. v. Structural Software, Inc., 26 F.3d 1335, 1340 (5th Cir. 1994)). This can be proven with direct or circumstantial evidence. Second, the Court must determine "whether 'substantial similarity' exists between the copyrighted work and

---

[2] Plaintiff notes in its motion for summary judgment that "throughout this proceeding, Defendant has never refuted the validity of Plaintiff's copyrights." (Dkt. # 22-1.) Plaintiff also claims that Defendant never contacted the U.S. Copyright Office during discovery. (Id.)

the allegedly infringing work." Id. To make this determination, "a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" Creations Unlimited v. McCain, 112 F.3d 814, 816 (5th Cir. 1997).

It appears that there is no dispute that Defendant actually copied Plaintiff's photographs or that the works are substantially similar. Although Defendant alleges in its answer that the images that appeared on its website were "heavily modified portions of the photographs," Defendant has not provided any argument or evidence in support of this in its response. (See Dkts. ## 27, 28.) Defendant also does not respond to Plaintiff's assertion that it posted the photographs on its website without Plaintiff's permission or authorization, thus "making the appropriation unlawful." Otto v. Hearst Comm'ns, Inc., 345 F. Supp. 3d 412, 425 (S.D.N.Y. 2018) (holding that the plaintiff was entitled to summary judgment on his copyright infringement claim upon finding that the copying requirement was met when the parties did not dispute that the photographs were the same).

There is no genuine dispute of material fact that Plaintiff owns a valid copyright in her photographs or that Defendant copied constituent elements of her photographs. See Feist, 499 U.S. at 361. Accordingly, the Court finds that Plaintiff is entitled to summary judgment on the issue of liability for copyright infringement.

II.     Fair Use

Plaintiff states that U.S. Magistrate Judge Hightower already denied Defendant's motion to dismiss based on its fair use defense and insists that because "[d]efendant has failed to produce any evidence on record which would warrant reconsideration of the Court's previous finding that the fair use defense i[s] inapplicable, or that any of the four factors should weigh in Defendant's favor," the Court must grant Plaintiff summary judgment on this issue. (Dkt. # 22-1.)

In response, Defendant argues that Plaintiff is not entitled to summary judgment merely based on the Court's denial of Defendant's earlier motion to dismiss. (Dkt. # 28.) Defendant argues that on a motion to dismiss, the Court must view the facts in the light most favorable to the nonmovant. (Id.) Thus, the denial of Defendant's motion to dismiss was not a ruling on the merits of the defense. (Id.) Rather, the Court ruled that Plaintiff "cleared the low bar of having pleaded sufficient facts to allow her case to proceed." (Id.) Defendant maintains that multiple "facts" support its fair use defense, including but not limited to:

> [T]he content was presented primarily for news and/or informational value; the purpose and character of the work as presented was non-commercial or included only a nominally commercial component; significantly less than the whole of the copyrighted works included in the allegedly infringing image; the portion and substantiality of the copyrighted works as used in context would not generally be recognizable as the copyrighted work; and that there is no actual or potential market for Plaintiff's copyrighted works.

(Id.) Defendant argues that the Court should deny Plaintiff's motion because most of the issues are factual ones to be decided by a jury. (Id.) Notably, however, Defendant does not cite or attach a single piece of evidence to support its fair use defense. (See id.)

In reply,[3] Plaintiff argues that because Defendant did not cite any evidence in its response, the Court should grant her motion. (Dkt. # 29.) Plaintiff also addresses the "facts" Defendant referred to in its response. (Id.) First, Plaintiff contends that Defendant did not use the photograph for news or informational purposes, and even if it did, the secondary use was not transformative. (Id.) Second, Plaintiff maintains that Defendant's use was commercial in nature. (Id.) Third, Plaintiff contends that the Court can determine the "substantiality of use" by viewing the evidence of infringement. (Id.) Fourth, Plaintiff argues that an actual or potential market exists for the photographs "as evidenced by the fact that Defendant used the [p]hotographs of the band to promote the band's live musical performance." (Id.)

---

[3] Although arguments raised for the first time in a reply are generally waived, the scope of the reply was limited to addressing the arguments raised by Defendant in its response. See Weems v. Hodnett, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. Tex. July 13, 2011); Petty v. Portofino Council of Coowners, Inc., 702 F. Supp. 2d 721, 729 n.3 (S.D. Tex. 2010). Plaintiff argued in its original motion that Defendant does not have any evidence to support a finding of fair use. (Dkt. # 22-1.) Defendant had an opportunity to present evidence in support of its affirmative defense in its response but did not do so. (See Dkt. # 28.) Instead, Defendant filed a four-page response with a list of conclusory assertions that it mistakenly characterizes as "facts." (Id.)

The Court rejects Plaintiff's argument that she is entitled to summary judgment merely based on the Court's denial of Defendant's Motion to Dismiss. As Defendant points out in its response, the legal standards for a motion to dismiss and a motion for summary judgment are different. In the Report and Recommendation, U.S. Magistrate Judge Hightower found that Plaintiff "alleged facts sufficient to overcome the Defendant's fair use defense." (Dkt. # 13.) This does not mean that there is no genuine dispute of material fact that Defendant cannot establish its fair use defense at the summary judgment stage. The Court thus rejects this argument.

"Any individual may reproduce a copyrighted work for a 'fair use.'" Sony Corp. of Am. v Universal City Studios, Inc., 464 U.S. 417, 433 (1984). Section 107 of the Copyright Act states that "the fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107. Fair use is an affirmative defense that "can excuse what would otherwise be an infringing use of copyrighted material." Cambridge Univ. Press v. Patton, 769 F.3d 1232, 1238 (11th Cir. 2014); Estate of Barré v. Carter, 272 F. Supp. 3d 906, 929 (E.D. La. 2017). In determining whether the use of a work is fair use, courts consider:

> (1) [T]he purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. The four factors are nonexclusive and are weighed together. Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 578 (1994); Harper & Row, Publishers, Inc. v. Nation Enters., 471 U.S. 539, 560 (1985). Fair use is a mixed question of law and fact that requires a case-by-case determination as to whether a particular use of a copyrighted work is a fair use. Campbell, 510 U.S. at 577; Harper & Row, 471 U.S. at 560. "[I]t may be resolved on summary judgment if a reasonable trier of fact could reach only one conclusion—but not otherwise." Peteski Prods., Inc. v. Rothman, 264 F. Supp. 3d 731, 734 (E.D. Tex. 2017) (quoting Ty, Inc. v. Publ'ns Int'l Ltd., 292 F.3d 512, 516–17 (7th Cir. 2002)). "[W]here the district court has [f]acts sufficient to evaluate each of the statutory factors, it may conclude as a matter of law that the challenged use is not a protected fair use." Id. (quoting Castle Rock Entm't v. Carol Publ'g. Grp., Inc., 955 F. Supp. 260, 267 (S.D.N.Y. 1997) (Sotomayor, J.), aff'd, 150 F.3d 132 (2d Cir. 1998)).

A.     Purpose and Character of the Use

For the first factor, courts often consider "the culpability of a defendant's conduct in acquiring or using a work, the extent to which such use is transformative, and whether such use is for commercial or non-commercial purposes." Peteski Prods., 264 F. Supp. 3d at 736. The focus of this factor is "whether and to what extent the new work is 'transformative.'" Campbell, 510 U.S. at 579. In determining whether a use is transformative, courts evaluate "whether the new work merely supersedes the objects of the original creation . . . or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message." Peteski Prods., 264 F. Supp. 3d at 739 (quoting Campbell, 510 U.S. at 579).

The Court is not convinced by Defendant's conclusory assertions that the photographs were for noncommercial or newsworthy purposes. Even if the Court were to find that Defendant used the photographs for news or informational purposes, a news reporting purpose does not guarantee a finding of fair use. Otto, 345 F. Supp. 3d at 427; see Peteski Prods., 264 F. Supp. 3d at 736. Courts also consider whether a publication was commercial or nonprofit and whether the use was transformative. Defendant fails to provide any evidence in support of how their use was newsworthy, noncommercial, or transformative. (See Dkt. # 28.) Thus, the first factor weighs against a finding of fair use.

B.  Nature of the Copyrighted Work

When courts evaluate the second factor, they consider two distinct inquiries. First, "highly creative or fictional works are generally afforded 'maximal protection, and hence it is less likely that use of such works will be fair use.'" Peteski Prods., 264 F. Supp. 3d at 740 (quoting Patton, 769 F.3d at 1268). "The law generally recognizes a greater need to disseminate factual works than works of fiction or fantasy." Harper & Row, 471 U.S. at 563. Photographs vary on the spectrum of factual to creative. Second, the use of unpublished work is less likely to be fair use. Patton, 769 F.3d at 1268; Peteski, 264 F. Supp. 3d at 740.

The Court finds that it does not have sufficient facts to make a determination with respect to this factor. Neither Plaintiff nor Defendant makes any arguments with respect to this second factor or cites any evidence.[4] (Dkts. ## 22-1, 28, 29.) Because the Court does not have any evidence in support of or in opposition to whether this second factor can be established, it is not in a position to rule on Defendant's fair use defense at this time. Peteski Prods., 264 F. Supp. 3d at 734 (explaining that courts may rule on the fair use defense at the summary judgment

---

[4] Neither Plaintiff nor Defendant cites evidence in support of any of the four factors for that matter, except for Defendant's commercial advertisements that use the photographs. (See Dkt. # 22-6.) The only filing that even addresses the four factors is Plaintiff's reply, which evaluates only three factors for a page and a half. (See Dkt. # 29.) Given the lack of evidence and lack of arguments provided in support of and against the summary judgment motion, the Court finds that these issues would be properly decided by a jury.

13

stage "where the district court has [f]acts sufficient to evaluate each of the statutory factors"); Castle Rock Entm't, 955 F. Supp. at 267. This is particularly true here as "[n]avigating between the 'paradigmatic example of a creative work' and a 'bare factual compilation' is 'treacherous.'" Id. at 741 (quoting Patton, 769 F.3d at 1270 n.28); see also Bleistein v. Donaldson Lithographing Co., 188 U.S. 239, 251 (1903) ("It [is] a dangerous undertaking for persons trained only to the law to constitute themselves final judges of the worth of pictorial illustrations, outside of the narrowest and most obvious limits."). Whether Defendant can establish its fair use affirmative defense should be decided by a jury. In light of this finding, the Court need not evaluate the remaining "fair use" factors and denies Plaintiff's motion for summary judgment on Defendant's fair use defense.

## CONCLUSION

For these reasons, the Court **GRANTS IN PART** Plaintiff's Motion for Partial Summary Judgment (Dkt. # 22). Plaintiff has established a prima facie case of copyright infringement, but Plaintiff is not entitled to summary judgment on Defendant's fair use affirmative defense.

**IT IS SO ORDERED.**

**DATED:** March 17, 2021.

David Alan Ezra
Senior United States District Judge
